UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Alfred G. Gunn and Marcia H. Gunn, husband-and-wife,<br><br>Plaintiffs,<br><br>v.<br><br>State Farm Fire and Casualty Company, a foreign company,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR RELIEF AND MONEY DAMAGES**<br><br>**(Jury Trial Requested)** |

Plaintiffs ALFRED G. GUNN and MARCIA H. GUNN, by and through counsel undersigned, for their Complaint against Defendant STATE FARM FIRE AND CASUALTY COMPANY, hereby allege as follows:

## I.    JURISDICTION AND VENUE ALLEGATIONS

1.    Plaintiffs ALFRED G. GUNN AND MARCIA H. GUNN("Plaintiffs"), at all times material hereto, was a resident of the State of Washington.

2.    Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm")

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 1

is a foreign company, licensed to do business in Washington in the lines of casualty, property and vehicle insurance.

3.      Plaintiffs and State Farm previously entered into a tolling agreement extending the statute of limitations for all claims through and including June 4, 2026.

4.      This Court has jurisdiction over the subject matter of this action and the parties to this action.

5.      The amount of damages sought by Plaintiffs exceeds the minimum jurisdictional amount established for filing in this Court.  Venue is proper in this Court because State Farm has significant business operations in Washington.

## II.      FACTUAL ALLEGATIONS

6.      Plaintiffs own a residential property located 3720 25th Avenue Court, Gig Harbor Washington 98335 ("the Property").

7.      Plaintiffs were insured by State Farm under an Insurance Policy, commonly referred to as policy number 47-75-4416-4 ("the Policy").

8.      The Policy included coverage for "increased costs resulting from enforcement of any ordinance or law are regulating the construction, repair or demolition of a building structure".

9.      On or about May 10, 2023, a fire occurred on the Property, causing significant damage to the Property, including damage to the structure and its contents as well as vehicles and other areas of the property ("the Loss").

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 2

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

10.     Plaintiffs and State Farm previously entered into a tolling agreement extending the statute of limitations for all claims through and including June 4, 2026.

11.     At the time of the Loss, the Policy was in full force and effect.

12.     Plaintiffs timely submitted a claim to State Farm regarding the Loss , which was assigned claim number 47-49P1-60B (the "Claim") and Plaintiffs performed all of their obligations and responsibilities under the Policy with respect to the Claim.

13.     State Farm utilized employees of State Farm to adjust the claim.

14.     Plaintiffs have timely responded to all reasonable inquiries and requests from State Farm and State Farm's agents, including employees of State Farm regarding the Claim.

15.     Plaintiffs have taken timely action to respond to all inquiries and requests from State Farm.

16.     In whole or in part, State Farm through its employees and agents has denied coverage for and has refused to pay for losses due under the Claim.

17.     State Farm knows, or should know, that it's unreasonable, incomplete and incompetent evaluation of the Loss is a breach of the duty and obligation of good faith and fair dealing owed to Plaintiffs under the Policy.

18.     State Farm knows, or should know, that its failure to promptly and fully pay the Claim is not justified in light of the damage to the Property as a result of the fire and the terms of the Policy.

19.     With respect to the events giving rise to this lawsuit, at various times and in

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 3

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

various ways, State Farm acted through other agents and employees, including those of State Farm, State Farm is responsible for the actions of those agents and employees.

20.     Plaintiffs have incurred attorneys' fees and costs in connection with this action and their Claim.

21.     Plaintiffs demand a jury trial of all claims triable by jury.

### III.     CLAIMS ASSERTED

### A. Declaratory Judgment

22.     Plaintiffs seek a judgment from this Court declaring that Plaintiffs are entitled to insurance coverage and insurance benefits, including the amounts thereof, which will be determined as investigation and discovery continue. Plaintiffs seek judgment with respect to all coverages that apply to the losses, including without limitation coverage for replacement cost, actual living expenses, and contents.

23.     Plaintiffs seek a judgment from this Court declaring that State Farm is in violation of provisions of the Unfair Claim Settlement Practices Regulation, in Chapter 284-3 of the Washington Administrative Code.

24.     Plaintiffs seek a judgment from this Court declaring that State Farm is estopped from asserting any time limitation in the Policy as a defense to coverage due to State Farm's bad faith.

### B. Breach of Insurance Contract

25.     All of the foregoing allegations are hereby incorporated by this reference.

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 4

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

26. State Farm agreed to provide property insurance coverage for Plaintiffs and the Property.

27. The aforementioned coverage includes payment for code upgrades required by law, ordinance or the County of Douglas.

28. State Farm was paid premiums in exchange for its indemnity obligations to Plaintiffs.

29. State Farm performed acts and omissions, including but not limited to those detailed herein, that constituted one or more failures of State Farm to perform its duties as set forth in the Policy and as required by Washington law.

30. Such acts and omissions also constituted failures to meet industry standards for the handling of insurance claims.

31. State Farm's failures constitute one or more breaches of contract.

32. Plaintiffs have sustained damages and legal expenses as a result of one or more of State Farm's breaches of contract in amounts to be proven at trial.

### C. Breach of Duties of Good Faith and Fair Dealing

33. The Policy, like all contracts in the State of Washington, contains an implied covenant of good faith and fair dealing.

34. Plaintiffs fulfilled all of their obligations under the Policy.

35. State Farm failed to perform its obligations under the Policy.

36. All of the acts, omissions, breaches, violations, and unreasonable, wrongful,

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 5

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

and offending conduct by State Farm as alleged herein were done knowingly, intentionally, or unreasonably by State Farm or employees or agents acting on State Farm's behalf and for which State Farm is responsible and liable.

37.     State Farm performed acts and omissions, including but not limited to those detailed herein, that constituted one or more breaches of duties owed by State Farm to Plaintiffs, including but not limited to the duty of good faith, the duty of fair dealing, quasi-fiduciary duties to Plaintiffs, and other legal duties.

38.     Such acts and omissions did not meet and were in violation of industry standards for the handling of insurance claims.

39.     Plaintiffs have sustained damages and legal expenses as a result of one or more of State Farm's breaches of contract in amounts to be proven at trial.

40.     By failing to conduct an adequate investigation and wrongfully failing to process the claim in good faith and pay the proper amount of the Claim, State Farm breached the Policy, including the implied covenant of good faith and fair dealing in that agreement, thereby depriving Plaintiffs of the benefits they were to have received under the Policy.

41.     State Farm failed to handle Plaintiffs' Claim in a reasonable manner and it has failed to make all proper payments owed under the Policy.

## D. Negligent Claims Handling

42.     State Farm performed acts and omissions, including but not limited to those detailed herein, that constituted one or more breaches of duties owed by State Farm to

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 6

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

Plaintiffs, including but not limited to the duties otherwise described herein and the following duties:

a) To conduct a reasonable investigation, evaluation, and coverage determination regarding the Claim;
b) To accurately represent pertinent facts, Policy provisions, Policy coverage, and the law;
c) To refrain from compelling Plaintiffs to initiate litigation in order to recover benefits owed under the Policy by offering substantially less than the proceeds ultimately recovered and due under the Policy;
d) To give equal or greater consideration to Plaintiffs' financial interests than to State Farm's own financial interests;
e) To comply with Washington law in all matters relating to the handling or evaluation of the Claim;
f) To not assert frivolous, unreasonable, or unsupportable coverage defenses or denials.

43. State Farm's acts and omissions regarding the Claim, including but not limited to those described herein, did not meet and were in violation of industry standards for the handling of insurance claims.

44. State Farm otherwise failed to act reasonably when investigating, evaluating, and otherwise administering the Claim.

45. State Farm's various failures and breaches each constitute negligent claims handling.

46. Plaintiffs have sustained damages and legal expenses as a result of State Farm's negligent claims handling in amounts to be proven at trial.

**E. Violation of the Consumer Protection Act**

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 7

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

47.   Plaintiffs are first-party claimants to the Policy.

48.   Through its conduct, including but not limited to the conduct detailed herein, State Farm has acted unfairly and deceptively in violation of Washington's Consumer Protection Act, more specifically, RCW 19.86.020.

49.   State Farm's conduct occurred in trade or commerce.

50.   State Farm's conduct affected the public interest.

51.   State Farm's conduct caused injury to Plaintiffs' "business or property" as those terms are defined for purposes of the Consumer Protection Act.

52.   State Farm's conduct violated Washington's Consumer Protection Act.

53.   Plaintiffs have sustained damages and legal expenses as a result of State Farm's violation of the Consumer Protection Act in amounts to be proven at trial.

## F. Injunctive Relief

54.   Plaintiffs assert a claim for injunctive relief under the Consumer Protection Act.

55.   The Court should enjoin State Farm from further acts that violate the Washington Administrative Code,  and/or the Consumer Protection Act.

56.   The Court should require State Farm to enact procedures by which it would meet its legal obligations to its insureds.

## G. Violation of Insurance Fair Conduct Act

56.   As detailed herein, Plaintiffs have asserted rights to insurance policy

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 8

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

benefits. Those benefits were, and continue to be, due and owed to Plaintiffs pursuant to the Policy and Washington law.

57.     State Farm has unreasonably denied and continues to unreasonably deny coverage owed to Plaintiffs under the Policy and Washington law.

58.     These unreasonable denials constitute violations of Washington's Insurance Fair Conduct Act; more specifically, RCW 48.30.015.

59.     Plaintiffs have provided at least twenty (20) days' notice of these claims to State Farm by providing a letter detailing the bases of these claims to State Farm and to the Washington Office of the Insurance Commissioner. As a result, the notice requirements of RCW 48.30.015(8)(a) have been satisfied.

60.     Plaintiffs have sustained damages and legal expenses as a result of State Farm's violation of the Insurance Fair Conduct Act in amounts to be proven at trial.

### IV.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following in this action:

1.     Declaratory judgment entered by the Court as stated herein;

2.     Judgment against State Farm for damages in amounts to be proven at trial;

3.     An injunction entered by the Court as stated herein;

4.     Judgment against State Farm for Plaintiffs' costs, disbursements, and reasonable attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 9

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

Wn.2d 26, 37, 904 P.2d 731 (1995), RCW 19.86.090, Washington law governing insurer bad faith, and otherwise as determined appropriate by the Court;

5.      Judgment against State Farm for enhanced damages pursuant to RCW 19.86.090, including but not limited to treble damages;

6.      Judgment against State Farm for penalties and damages pursuant to RCW 19.86.020;

7.      Pre-judgment and post-judgment interest;

8.      Additional relief that Plaintiffs may seek as litigation continues; and

9.      Other relief as the Court deems just and proper.


**DATED** June 3, 2026.


                                        **ROBERT D. BOHM, PLLC**

                                        */s/ Robert D. Bohm*
                                        Robert D. Bohm, WSBA # 42703
                                        Attorney for Plaintiffs

COMPLAINT FOR RELIEF
AND MONEY DAMAGES  - 10